27456. TUCKER *v.* DuBOSE.

DECIDED JUNE 30, 1939.

*P. W. Walton, R. C. Whitman,* for plaintiff.

*W. S. Florence,* for defendant.

GUERRY, J. This is a trover action. It was filed in and addressed to the superior court of Jasper County. It is alleged that the defendant, DuBose, is a resident of Macon, Bibb County, Georgia. The bail affidavit made in connection therewith says that affiant "has this day filed a trover suit against M. M. DuBose of Bibb County, Georgia, returnable to the next term of the superior court of said [Jasper] County." Service was effected on the defendant, DuBose. He demurred to the petition as filed, for the reason that it showed on its face that the superior court of Jasper County was without jurisdiction. The plaintiff filed an amendment, which was allowed subject to demurrer, alleging that "defendant is a resident of Jasper County and subject to the jurisdiction of the said court." At the trial term the plaintiff tendered another amendment striking the words "of Macon, Bibb County, Georgia," from the petition. This amendment was not allowed, and the general demurrer was sustained. The plaintiff excepted to this ruling, and to the sustaining of the demurrer.

The Code, § 81-1302, in reference to amendment, is very broad. Its force and effect have been liberally interpreted by the court in hundreds of decisions. This section declares that "The jurisdiction of the court may be shown . . by amendment." Section 81-1309 provides: "The omission in the pleadings of allegations showing the court's jurisdiction may be amended." See *Coney* v.

*Horne,* 93 *Ga.* 723 (3) (20 S. E. 213) ; *Flint River & Northeastern Railroad Co.* v. *Sanders,* 18 *Ga. App.* 766 (90 S. E. 655). An incorrect heading of the petition, which was evidently an "oversight," was held to be amendable in *Gamble* v. *Shingler,* 22 *Ga. App.* 608 (96 S. E. 705). A misdirection of the petition to a different court, without jurisdiction of the subject-matter, but which was never filed in said court, was amendable by allowing its change to the court in which it was filed and which had jurisdiction. *Wingate* v. *Gornto,* 147 *Ga.* 192 (93 S. E. 206). No such state of facts exists here. If, as alleged in the petition and sworn to in the affidavit, the defendant was a resident of the County of Bibb, the superior court of Jasper County had no jurisdiction. This allegation was neither an omission, an oversight, nor a palpable mistake. It was a solemn affirmative allegation which showed a *lack* of jurisdiction in the court where the petition was filed. To allow an amendment showing an exactly opposite state of facts, it seems to us, would be as unauthorized as the allowance of an amendment which presented a new and independent cause of action. A suit based on one cause of action may not be amended by striking such a cause and substituting an entirely separate, independent, and different cause of action. A petition which does not *omit* an allegation of jurisdiction, but which contains a definite, positive, intentional, and unequivocal allegation that the defendant named therein is a resident of a county other than that in which the suit is filed, where the suit is against him alone, has nothing in it to amend by. The petition in the present case, even if the amendment offered had been allowed, still had attached to it as a part thereof the bail affidavit which showed that the defendant was a resident of Bibb County, Georgia, and not of Jasper County. As such it was so contradictory as to be subject to the demurrer interposed. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*