35807. EVANS *v.* BROOKS.

DECIDED JANUARY 25, 1956—REHEARING DENIED FEBRUARY 14, 1956.

*Joseph W. Love,* for plaintiff in error.

*J. Winston Huff, Powell, Goldstein, Frazer & Murphy,* contra.

QUILLIAN, J. ■ The questions for review are: (a) was the petition as originally drawn subject to general demurrer? (b) did the trial judge properly reject the amendment tendered by the plaintiff?

The suit was filed in Fulton County, the county of the plaintiff's residence, and service of the petition and process was perfected upon the defendant under the provisions of the non-resident motorist statute embodied in Code (Ann. Supp.) § 68-801 which permits suits to be brought against non-resident motorists who injure persons or damage property by the operation of motor vehicles upon the public thoroughfares of the State in the county of the resident plaintiffs, and prescribes that service may be made upon the Secretary of State, whom the non-resident motorist by the use of the public ways of the State makes his agent for service in such actions.

If the provisions of the Code could not be invoked, and no allegation being contained in the petition that the non-resident defendant was found and served in Fulton County, the trial judge was correct in ruling that the superior court of that county was without jurisdiction to entertain the action.

The courts of various jurisdictions construe non-resident motorist acts similar to ours. There is a division of opinion among them as to whether a non-resident having a residence or established place of business within a State can be served as provided by the non-resident motorist act of force in such State. 155 A. L. R. 333, 343.

In *Hirsch* v. *Shepard Lumber Co.,* 194 *Ga.* 113 (1) (20 S. E. 2d 575) the Supreme Court held that: "Where a foreign corporation has an office and place of business in a county in this State, which is in charge of an agent upon whom service of a suit against the corporation can legally be made, such corporation is not a 'non-resident' of the State within the meaning of the non-resident motorist act of 1937 (Ga. L. 1937, pp. 732-734), so as to authorize a suit against it, under such statute, in a county in this State where it has no office, place of business, or agent."

The case does not deal with the question of whether a non-resident natural person who has a place of business or residence in a particular county of the State, or is a non-resident within the meaning of the non-resident motorist act, but simply determines the status of a foreign corporation having an accustomed place of business within the same in charge of an agent, etc., upon whom process may be served.

The opinion does, however, contain an observation as to the purpose of the act, virtually in the language of several textbooks, which is pertinent to the consideration of the question as to whether a non-individual who has a place of business or residence within the state is a "non-resident" who may be sued and served in the manner prescribed by the non-resident motorist act. "Evidently, therefore, the non-resident motorist act was not intended to deal with that problem, but its main and controlling purpose was to provide a ready and efficient remedy in this State for injuries occasioned by the negligent operation of motor vehicles upon the highways of this State by non-residents who are merely passing through or have no fixed residence or place of business here where they may be readily found and sued, and thus to relieve the persons claiming to have been damaged from the necessity of pursuing them into some other State for the purpose of obtaining redress. See in this connection Hess v. Pawloski, 274 U. S. 352 (47 Sup. Ct. 632, 71 L. ed. 1091); Jones v. Pebler, 371 Ill. 309 (20 N. E. 2d 592, 125 A. L. R. 451)." *Hirsch* v. *Shepard Lumber Co.*, supra, p. 115.

The opinion in the *Shepard* case was predicated upon the premise that a foreign corporation is as available for service of process upon it as is a domestic corporation, which is obviously true because the statute provides that service upon the two classes of corporations be perfected in precisely the same manner. Domestic or foreign, according to Code § 22-1101, a corporation may be served with the process necessary to the commencement of the suit against it by serving any officer or agent of the corporation, or by leaving a copy of the process at the place of transacting the usual and ordinary public business of such corporation, if any such business shall then be within the jurisdiction of the court in which the suit may be commenced.

It is observed by the Supreme Court that since the design of

the foreign motorist act was to furnish a "ready and efficient" means of serving non-resident motorists who could not be otherwise served, it could not be invoked in the case of a foreign corporation which by having officers and agents and maintaining a public place of business within the State is for the purpose of receiving service of suits virtually a citizen of the State.

But quite a different problem is presented in the case of a non-resident motorist who is a soldier at a military post situated within the State and who has a residence at a named address in a county of the State.

Certainty that a foreign corporation may be found and served at its place of business is assured by the provision of the statute that it may be served regardless of whether any of its officers, agents, or other representatives are present at the time. But there is no provision of our law that authorizes service upon a non-resident natural person either at the place where he is employed, or at his usual place of residence unless he is present to accept service.

If a resident natural person is absent from his home or most notorious place of abode, service may be perfected upon him by simply leaving a copy of the process there. Hence there is a vast difference in the availability of a non-resident and a resident of the State, both of whom have a place of residence within the State. There is no assurance that the non-resident although temporarily residing in this State, particularly a soldier, the very nature of whose vocation may require his absence from the place where he abides suddenly and for extended periods of time, would be available for service.

The holding of the Supreme Court in the *Shepard* case as we have undertaken to demonstrate, was predicated upon the sound and logical proposition it was not within the power of a foreign corporation to either avoid or render inconvenient the service of process upon it.

The converse of this proposition is true in the case of a non-resident who has a place of residence in Georgia. It would be entirely a matter for such defendant's election as to whether he would be present and permit service to be made upon him, or absent and prevent process being presented to him.

We do not think it was the purpose of the General Assembly to

exempt from the operation of the act a class of non-residents whose availability for service is problematic. We are of the opinion that the legislative intent was to provide a method of service upon non-resident motorists as effective and certain as that employed in requiring residents of the State to answer actions for damages arising from collisions upon the public highways of the State.

The defendant stoutly maintains, however, that the question of the sufficiency of the petition to withstand the general demurrer turns upon the point, that the petition affirmatively disclosed that he was not a non-resident of the State at all, but was a resident of this State subject to be served in the same manner as any other resident of the State. While in the preceding discussion we have assumed that according to the allegation of the petition the defendant was a non-resident, who for a particular purpose temporarily resided in the State, the question must be determined by direct decision. We are of the opinion that the allegation, "That the defendant James T. Brooks, is in the United States Army, stationed at Fort Benning, and is now residing at 504 23rd Street, Columbus, Georgia, but his home and legal residence is in Brewton, Escambia County, Alabama, and is a citizen of the State of Alabama", could mean nothing else except the defendant was a non-resident of the State, temporarily sojourning or residing at the Columbus address while stationed at Fort Benning; that the allegation does not carry the implication that the defendant was a resident of Columbus, but given a normal and rational construction could mean nothing except the defendant's legal residence was in Alabama and not in Georgia. In this connection see *Farmer* v. *Phillips,* 12 *Ga. App.* 732-734 (78 S. E. 353); *McEntyre* v. *Burns,* 81 *Ga. App.* 239 (58 S. E. 2d 442). The petition as originally drawn, showed the Superior Court of Fulton County had jurisdiction of the case, and was not subject to demurrer.

■ Having held that the petition showed the Superior Court of Fulton County had jurisdiction of the cause, and that the amendment striking the allegation that the defendant had resided at an address in Columbus was unnecessary, the ruling of the judge disallowing the amendment need not be reviewed. However, we have considered that ruling because it involved an important rule of pleading concerning which there appears to be confusion. The

question for decision is whether an affirmative and positive allegation that a named county has jurisdiction of the action, which averment is intentionally and not inadvertently pleaded, can by amendment be stricken from a petition in which it is contained, and in its stead the allegation be substituted that the courts of another county have jurisdiction to entertain the cause.

In *Tucker* v. *DuBose,* 60 *Ga. App.* 238, 239 (3 S. E. 2d 754) it is held: "If, as alleged in the petition and sworn to in the affidavit, the defendant was a resident of the County of Bibb, the Superior Court of Jasper County had no jurisdiction. This allegation was neither an omission, an oversight, nor a palpable mistake. It was a solemn affirmative allegation which showed a *lack* of jurisdiction in the court where the petition was filed. To allow an amendment showing an exactly opposite state of facts, it seems to us, would be as unauthorized as the allowance of an amendment which presented a new and independent cause of action. A suit based on one cause of action may not be amended by striking such a cause and substituting an entirely separate, independent, and different cause of action. A petition which does not *omit* an allegation of jurisdiction, but which contains a definite, positive, intentional, and unequivocal allegation that the defendant named therein is a resident of a county other than that in which the suit is filed, where the suit is against him alone, has nothing in it to amend by. The petition in the present case, even if the amendment offered had been allowed, still had attached to it as a part thereof the bail affidavit which showed that the defendant was a resident of Bibb County, and not of Jasper County. As such it was so contradictory as to be subject to the demurrer interposed."

There is no question that the case is authority for the rule that an amendment which undertakes to strike from the petition a direct allegation that jurisdiction of the action is in a court of a particular county, and substitutes an averment that it is in another county, sets up a new cause of action.

In *Tucker* v. *DuBose,* supra, and several cases decided by the Supreme Court and this court dealing with amendments supplying jurisdictional facts it has been pointed out that the averments of such facts were evidently unintentionally or inadvertently omitted from the petition as originally drawn. But a very careful and exhaustive research has failed, as did the good briefs of able

counsel, to bring to our attention any case except *Tucker* v. *DuBose*, supra, in which the "unintentional" omission of jurisdictional facts was held to be essential to the allowance of an amendment adding such facts, nor have we been cited or able to find any other case in which it has been held that to strike allegations setting forth jurisdicitonal facts and alleging in lieu contrary facts was to set forth a new cause of action.

Code § 81-1301 provides that pleadings may be amended "in all respects, whether in matter of form or of substance," provided there is enough in the pleadings to be thus perfected to amend by, and that the amendment offered does not introduce new parties or set forth a new cause of action. Code § 81-1302 defines enough to amend by as "some particular fact or transaction." Averments of a cause of action and those showing the jurisdiction of the court to entertain the action are entirely different, though both are necessary elements of pleading.

Code § 81-1303 places no restriction on the right of amendment except to prohibit the introduction of new parties and setting up a new cause of action.

In the epochal decision of Justice Bleckley in *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691, 700 (13 S. E. 809), is contained this definition of a cause of action: "A cause of action may be defined from the standpoint of rights, with exactly the same result as when it is defined from the standpoint of duties. Thus the precise equivalent of the definition given above would be this: Relatively to the law of pleading, a cause of action is some particular legal right of the plaintiff against the defendant, together with some definite violation thereof which occasions loss or damage."

In the same opinion, the Chief Justice in the precise pronouncement of the rule that in order for a petition to set forth enough to amend by, stated that it is necessary that it show the court has jurisdiction to entertain the action. The holding referred to is couched in this language (p. 707): "In every suit there must be three classes of substance: parties, subject matter and jurisdiction. By express provision of the Code, § 3488, the facts necessary to show jurisdiction may be brought into the declaration by amendment; so that enough to amend by in respect to this class of substance is the mere presence of the other two classes in their minimum quantity. A declaration having parties and a

subject matter is amendable so as to show that the court has jurisdiction over both."

The "fact" or "transaction" is the basis of the right to seek recovery or relief. The allegation showing that such right exists sets forth the cause of action. Jurisdiction relates merely to the forum in which the right of action may be asserted.

An exception to the rule stated is found in a class of cases in which the existence of certain jurisdictional facts constitutes the bona fide residence of the plaintiff within the State for a period of six months next before the filing of the suit is required.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*