39079. DAVIS v. HOLT.

DECIDED NOVEMBER 8, 1961—REHEARING DENIED
DECEMBER 1 AND DECEMBER 13, 1961.

*Wade Leonard*, for plaintiff in error.

*Hurt, Gaines, Baird, Peek & Peabody, Shaw & Shaw, Burton Brown*, contra.

BELL, Judge. ■ ■ In his brief the plaintiff contends that the evidence conclusively shows that the defendant was at the time of service of process a resident of the State of Alabama. The defendant, on the other hand, strenuously urges that under the uncontradicted facts he was domiciled in Georgia. This conflict of views as to the place of residence of the defendant presents the first question for our determination.

In *Avery v. Bower*, 170 Ga. 202, 204, 206 (152 SE 239), it is stated that " 'Residence' and 'domicile' are not synonymous and convertible terms. A man may have several residences, but only one place of domicile. There must be a concurrence of actual residence and the intention to remain, to acquire a domicile. . . 'Domicile,' unlike 'residence,' means a permanent place of abode . . . whereas 'residence' is not necessarily permanent, and may be at some place other than the place of domicile."

As one noted authority states it, ". . . The difference

■

between three conceptions, that of sojourn, residence, and domicil (not now including domicil by operation of law) is one purely of intention. To become a sojourner, no intention whatever is necessary, merely the fact of personal existence in the place. For residence there is an intention to live in the place for the time being. For the establishment of domicil the intention must be not merely to live in the place but to make a home there." 1 Beale on Conflict of Laws, § 10.3, p. 109.

■ The jurisdictional statute applicable here specifically authorizes service upon nonresidents, and by necessary implication precludes service under its terms on one who is a resident of this State. *Code Ann. Ch.* 68-8.

The plaintiff contends that the admission in the defendant's affidavit that he was "on a temporary sojourn in Guntersville, Alabama," shows that he was at the time a resident of that State and, therefore, the statute applies. We do not agree. The term, "sojourn," as a noun, is defined as meaning a temporary stay or a temporary residence, as that of a traveler in a foreign land, a sojourner. 81 C.J.S., p. 385. It has been stated in other jurisdictions as being not synonymous with residence and as being synonymous with residence. Compare Zimmerman v. Zimmerman, 175 Ore. 585 (155 P2d 293), with In re Gahn's Will, 110 Misc. Rep. 96 (180 N. Y. Supp. 262). See also *Evans v. Brooks,* 93 Ga. App. 352, 357 (91 SE2d 799). We are constrained to the belief that the better view is that a sojourn is not the equivalent of residence. It necessarily follows that an averment acknowledging that the affiant at the time of service was on a "temporary sojourn" in another State may not be taken as an admission that the proponent is in the eyes of the law a resident of that State.

■ Under the statutory provisions for summary judgment, the judgment sought may be rendered only where the pleadings, depositions, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, but any party has the right to trial by jury where there are substantial issues of fact to be determined. *Code Ann.* § 110-1203. In no sense does the statute authorize

the courts to sit as both judge and jury, for where there is a genuine issue as to any material fact, a trial in the normal process is as absolutely essential today as it was prior to the enactment of the summary judgment procedure. *General Gas Corp. v. Carn,* 103 Ga. App. 542 (1), 545 (120 SE2d 156). See also generally, *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193) ; and Hall, *The Effective Use of Motions for Summary Judgment in Georgia,* XXIII Georgia Bar Journal 439, et seq.

In the record before us there is no genuine issue nor any conflicting evidence relating to the residence of the defendant. The evidence offered by the plaintiff on this issue was in substance (1) that the defendant had registered his motor vehicle in Alabama; (2) the affidavit of the investigating officer to the effect that the defendant had both Georgia and Alabama driver's licenses; (3) that the defendant stated to the investigating officer that he was at that time living at the motel in Guntersville, Ala.; (4) the evidence by affidavit of plaintiff's counsel that the letter addressed to the defendant at the motel in Guntersville produced a reply from the Atlanta attorney a week later; (5) together with certain Alabama statutes shown in the detailed factual summation preceding this opinion. None of it presented any facts inconsistent with the defendant's averred intention that his residence is in Fulton County, Ga. The most that can be said of it is that it showed that the defendant was temporarily in Alabama. All of the evidence combined clearly demands recognition of the factual actuality that the defendant's residence is in Fulton County, Ga. The trial court properly granted the defendant's motion for summary judgment.

■ The other exception of the plaintiff was to the order and judgment of the court overruling the plaintiff's motion to strike the defendant's motion for summary judgment.

The bill of exceptions recites that on the 5th day of July, 1961, the motion for summary judgment came on for final hearing before the trial judge, and at that time, and before consideration of the evidence by the court in this case, counsel for plaintiff orally moved the court to strike defendant's motion for summary judgment on the grounds that the affidavit attached to the motion shows and admits that the defendant was subject to serv-

ice of process through the Secretary of State, since it is shown and admitted by the defendant in the affidavit that he was "on a temporary sojourn in Guntersville, Alabama," at the time of the accident, and further since the defendant was served through the Secretary of State when he was present in Alabama, this is prima facie evidence that he was then and there a resident of the State of Alabama.

Under *Code Ann.* § 110-1201 a party seeking to recover upon a cause of action, cross-action, setoff, or recoupment, or to obtain a declaratory judgment may, at any time after the expiration of 30 days from the date of service of the petition or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. Here, the plaintiff's motion to strike the defendant's motion for summary judgment was properly denied, for the reasons that (1) under the ruling in division 1 of this opinion a temporary sojourn is not the equivalent of residence for purpose of service; (2) the mere fact that the defendant was served through the Secretary of State while present in Alabama, standing alone, does not prove, as a matter of law, residence there; and (3) the defendant's motion for summary judgment on its face presented facts which, if uncontroverted, would have allowed the trial court to grant the motion for summary judgment in favor of the defendant.

■ The plaintiff further contends that the defendant, by his statements, admissions, and records, is estopped to deny that he was a resident of the State of Alabama.

The holding in division 1 of this opinion is sufficiently broad in its concept to include the view that where one resides in this State, he is not subject to service under the Nonresident Motorists Act, even though he may be a resident of another State also. Even when considered in the light most favorable to the plaintiff, the representations made by the defendant merely point to the possibility that he may have had two residences. Under these circumstances, the plaintiff cannot be said to have been ignorant of the truth of the defendant's Georgia residence.

"In order to constitute estoppel by conduct, there must con-

cur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other." *Calhoun v. Williamson*, 76 Ga. App. 91, 93 (45 SE2d 87); *Jones v. Tri-State Electric Co-operative*, 212 Ga. 577, 582 (94 SE2d 497). At least the fourth of these elements is missing in this case, since there is nothing to show that the conduct of the defendant relied upon to work an estoppel was done intentionally by the defendant to influence the conduct of the plaintiff in filing an action against him. This contention has no merit.

The trial court did not err in granting the defendant's motion for summary judgment and in overruling the plaintiff's motion to strike the defendant's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*