153 So.2d 311 (1963)
Willis H. LUCKIE and his wife, Pauline P. Luckie, and Luckie Magic Corporation, a Florida corporation, Appellants,
v.
McCALL MFG. CO., Inc., a Florida corporation, Appellee.
No. E-112.
District Court of Appeal of Florida. First District.
May 16, 1963.
Rehearing Denied June 5, 1963.
*312 Daniel F. Hubsch, Jacksonville, for appellants.
Brannon, Brown, Norris & Vocelle, Lake City, for appellee.
STURGIS, Acting Chief Judge.
The appellants, defendants below, bring this interlocutory appeal to review an order of the chancellor denying their motions to dismiss the suit for lack of venue and for failure of the complaint to state a cause of action, and their motion to strike portions of the complaint.
The appellee, McCall Mfg. Co., Inc., brought this suit in Hamilton County, Florida, to impose a constructive trust upon a trade-mark allegedly belonging to plaintiff but federally registered in the name of one or more of the defendants, to enjoin the alleged unlawful use thereof by defendant, and for other relief.
The verified complaint charges that the natural defendants, Mr. and Mrs. Luckie, became partners with Mr. and Mrs. E.J. McCall in the manufacture and sale of roach, ant and mouse poison under the mark or trade name "LUCKIE-MACK" superimposed above the wording "KING FLA." on a distinctive label which had a yellow background, a wide red border, and three wide red stripes thereon; that in January 1959 said partners formed "Luckie-McCall Corporation" which took over and operated the former partnership business under the same mark, trade name, and distinctive paper label; that a disagreement came about between the stockholders, resulting in legal proceedings in the course of which, after disposing of certain corporate property, all the remaining assets of the corporation, "including * * * the raw materials to be used in the manufacture of additional products and the containers, bottles, labels, etc. * * *" were sold to said E.J. McCall who thereafter sold the same to the plaintiff, McCall Mfg. Co., Inc.; that while said former suit was pending, the individual defendants to this suit, Mr. and Mrs. Luckie, formed the defendant corporation, Luckie Magic Corporation, which is the alter ego of said individual defendants; that pursuant to said purchase from E.J. McCall, the plaintiff corporation, McCall Mfg. Co., Inc., has as a matter of right used said trade names, marks and-labels; that the defendants have without right copied and imitated the same, and
"have been, and are, selling and advertising said roach, ant and mouse poison with copied and imitated paper labels and trade names and marks, as aforesaid, in Hamilton County, Florida, and surrounding Florida Counties."
The complaint duly states a cause of action for relief in equity. It is not so inartfully *313 drawn as to be subject to dismissal on the ground that it fails to conform to accepted standards and forms of proper pleading. The motion to strike portions of it was properly denied, hence the remaining question for determination is whether venue lies in Hamilton County.
The undisputed proofs before the trial court on the question of venue establish that the natural defendants are residents of Dade County, Florida, that the corporate defendant has its principal place of business in said county and does not conduct any manufacturing operations or place the labels on the product in Hamilton County. As stated, one purpose of the suit is to enjoin unfair trade practices allegedly being committed in Hamilton County by the use of plaintiff's trade name, marks and labels in the marketing of defendants' products in that and adjoining counties, and this allegation stands unrefuted for the purpose of this appeal.
The ordinary remedies for trade-mark infringement and unfair competition include equitable relief by injunction and an accounting of profits. Where a competitor in dressing his goods has with intent to deceive so imitated the goods of another that the public cannot generally easily distinguish them, and retail dealers can palm them off as the goods of the plaintiff, an injunction may be granted against the sale thereof.
The above stated allegations of the verified bill of complaint are sufficient to show that a cause of action for injunctive relief accrued in Hamilton County and in view of Section 46.04, Florida Statutes, F.S.A., is proper to be tried in the Circuit Court of that county. In so holding, we adopt the view that under the venue statutes of this state a cause of action to enjoin unfair competition accrues to the injured party and may be maintained in any county in which occurs an overt act constituting unfair competition, coupled with an apparent intent to continue the violation of plaintiff's rights. In this case the overt act is the alleged placing into the channels of commerce in Hamilton County of the articles offered for sale in violation of plaintiff's rights.
While the manufacture of the article and the placing thereon of the labels in Dade County with intent to market the same might in itself constitute a sufficient basis upon a suit in that county to enjoin the threatened invasion of plaintiff's rights, such does not deprive the Hamilton County court of venue in such suit, which arises out of the independent overt act committed in Hamilton County.
We are not unmindful of the rule in the federal courts as laid down in Thomas Kerfoot & Co. v. United Drug Co., D.C., 38 F.2d 671, which is cited by Callman in his treatise on Unfair Competition and Trade-marks as footnote 40 to the following proposition stated on pages 1911-1912 of the text, 2nd Ed., Vol. IV:
"In a suit to restrain trade-mark infringement and unfair competition, the fact that defendant sold in interstate commerce, and in the district in which suit was brought and the fact that many acts of unfair competition occurred there does not characterize the suit as one of local nature nor does it deprive the corporation of the right to insist that it be sued in its home district."
The decision in the Kerfoot case turned, however, exclusively on the provisions of the federal venue act (28 U.S.C.A. § 112) which, referring to the federal courts, provides, inter alia, that "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." The distinction between the federal and Florida venue acts is obvious, and the cited case lends no comfort to appellant.
We have also considered the quotation from Standard Encyclopedia of Procedure, Vol. XXV, p. 858, as contained in McMullen *314 v. McMullen, 122 So.2d 626 (Fla.App. 1960), reading:
"`Actions were deemed transitory when the transaction on which they were founded might have taken place anywhere, and local, when the transaction was necessarily local, and could have happened only in a particular place. The unerring test by which it may be determined whether a cause of action is local or transitory, inheres in the nature of the subject of the injury as differing from the means whereby or the place at which the injury was inflicted. The distinction is not between actions in rem and actions in personam. And the origin of the right of action is immaterial."
* * * * * *
"`* * * Thus, suits in equity for an accounting, for specific performance of a contract for sale of land, for an injunction, and, it has been held, suits for the foreclosure of mortgages, are transitory and should be brought in the county of the defendant's residence * * *.'"
The McMullen case was a suit for specific performance of a real property purchase agreement, brought where the defendant resided and venue resisted on the ground that it was maintainable only in the county where the property was located. The facts are totally dissimilar to those in the case on appeal and the quotation, though clearly obiter, is not inconsistent with the conclusion we have reached.
The phrase "cause of action" as used in a statute fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action. In re Shaffer's Estate, 228 Pa. 36, 76 A. 716, 717. It is said to consist not alone of the genesis of the right but of the breach of the right, and in order to maintain the suit against a private corporation in some county other than that in which the corporation's principal place of business is located, it would seem to only be necessary that some part of the primary right or some part of the transaction relating to breach of that right must have occurred in the county where the suit is filed. Birkes v. Lloyds Cas. Insurer, Tex.Civ.App., 209 S.W.2d 438, 440. It consists of the facts which entitle one to institute and maintain a suit in court, and its elements are the invasion of a legal right of the plaintiff without justification or excuse, or the commission or threatened commission of a legal wrong, and the damages resulting therefrom. National Life Co. v. Harvey, 159 S.W.2d 920, 923 (Tex. Civ.App.). For pleading purposes, a "cause of action" is some particular legal right of plaintiff against defendant, together with some definite violation thereof which occasions loss or damage. Evans v. Brooks, 93 Ga. App. 352, 91 S.E.2d 799, 803. It does not consist of facts but of unlawful violation of a right which facts show. Dorney v. Dairymen's League Co-op. Ass'n, D.C., 149 F. Supp. 615, 618; Burns Bros. v. Central R.R. of N.J., 2 Cir., 202 F.2d 910, 911; Van Brode Mill Co. v. Kellogg Co., D.C., 113 F. Supp. 845, 850.
Appellant insists that venue in suit is shown to exist only in Dade County because it is undisputed that the manufacturing and labeling process took place there and not elsewhere. We have identified the overt acts upon which the relief sought by the complaint is predicated and which give rise to the accrual of this cause in Hamilton County, but it is pertinent to add that appellant's position is patently unsound for the reason, among others, that the said acts committed in Dade County, if unaccompanied by the overt act of placing the articles so labeled into the channels of commerce, or not done with that intent, would completely lack the element of unfair competition upon which injunctive relief is based.
Where there is a justiciable wrong there should be a convenient and efficient remedy. While venue statutes should be construed to promote the legislative intent, being in derogation of the common law *315 their application should not be broadened to work an unnecessary hardship on those whose rights are invaded in the manner alleged by plaintiff herein.
Interlocutory appeal dismissed.
RAWLS, J., concurs.
WIGGINTON, J., dissents.
WIGGINTON, Judge (dissenting).
I disagree with that part of the majority opinion which holds that the trial court was correct in denying appellant's motion to dismiss the complaint on the ground of improper venue.
The proof before the trial judge at the hearing on the motion to dismiss establishes without dispute that the corporate defendant is a domestic corporation whose usual and only office for the conduct of its customary business is located in Dade County. The proof likewise establishes that the individual defendants are residents of the latter county. The corporate defendant has never maintained an office or place of business in Hamilton County where this suit is now pending, and the individual defendants are not now nor were they residing in Hamilton County at the time the cause of action alleged in the complaint is said to have accrued.
The prayer of the complaint seeks a decree imposing a constructive trust upon the federally registered trade-mark owned and used by defendants in the labeling of the product manufactured by them, and enjoining defendants from using this trade-mark or any other paper label, mark, trade-mark, or trade-name similar to the one owned and used by plaintiffs in the sale of the product manufactured by them. The complaint further prays for an accounting of profits made by defendants through the alleged unlawful use of the trade-mark and label attached by them to their manufactured product.
The statute with respect to venue in suits against individuals provides that such suits may be begun only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.[1]
The statute with respect to venue in suits against domestic corporations provides that such suits shall be commenced only in the county where the corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located.[2]
Since there is no dispute that the individual defendants are residents of Dade County, and that the corporate defendant's only office for the transaction of its customary business is likewise located in Dade County, the latter jurisdiction is the proper venue for this action unless it is established as a matter of law that the property in litigation is located, or the cause of action accrued, in Hamilton County. Since the action does not involve a right or interest in property, the question arises as to whether the cause of action sued upon accrued in Hamilton or Dade County.
It seems obvious from the undisputed facts that the offense, if any, committed by defendants is the utilization of a trade-mark or label on their manufactured product under circumstances which unlawfully infringe upon plaintiff's rights, and which constitutes unfair competition. The act complained of is committed in Dade County, where the product is manufactured and the label is attached to the container of its product. It is in Dade County where the product bearing the questioned trade-mark or label is placed into the channels of commerce. The cause of action, if any, therefore accrued in Dade County. The fact that the product finally came to rest in the hands of retail dealers in Hamilton County where it was advertised and sold to the public is immaterial insofar as the place of the accrual of the cause of action is concerned.
*316 The majority opinion is premised upon the bald and unsupported assertion that: "A cause of action accrues in any county where the act of unfair competition is committed." Such conclusion is not supported by accepted principles of law or decisions rendered by other courts of competent jurisdiction.
The cause of action sued upon in the complaint filed in this cause is a transitory in personam action. In the McMullen case[3] the Second District Court of Appeal, speaking through Judge Allen, quoted with approval from Standard Encyclopedia of Procedure, Vol. XXV, p. 859, as follows:
"`* * * Thus, suits in equity for an accounting, for specific performance of a contract for sale of land, for an injunction, and, it has been held, suits for the foreclosure of mortgages, are transitory and should be brought in the county of the defendant's residence. * * *'"
We are reminded that the complaint now under consideration prays for both an injunction and an accounting, thereby characterizing the suit as transitory in nature. The proper venue for the action is the county of the individual defendant's residence, and where the corporation maintains its office for the transaction of its customary business. The general rule with respect to the proper venue for injunctive proceedings as found in Corpus Juris Secundum is stated to be "In the absence of statute or court rule providing otherwise, the county in which defendant resides is ordinarily the county in which an action for injunction should be brought. However, where the county in which suit for injunction must be brought is designated by statute, the statutory requirement must be complied with and a suit for an injunction cannot be brought in any county other than the one so designated; and this is so, although defendants, or part of them, reside in another county. Such statutes are applicable only to cases brought clearly within their provisions; and it has been held that these statutes apply only to a strict bill of injunction, and not to bills seeking other relief to which the injunction sought is merely ancillary."[4] It should be noted that Florida has no special statute fixing the venue of injunction proceedings to restrain acts constituting unfair competition. In the absence of such a special statute, the general rule with regard to venue prevails.
I would reverse the order appealed and direct that the motion to dismiss the complaint be granted on the ground of improper venue. The appellees should be granted leave, if they so choose, to seek an order transferring the case to the Circuit Court of Dade County for further proceedings in accordance with the provisions of F.S. § 53.17, F.S.A.
NOTES
[1] F.S. Section 46.01, F.S.A.
[2] F.S. Section 46.04, F.S.A.
[3] McMullen v. McMullen, (Fla.App. 1960) 122 So.2d 626.
[4] 43 C.J.S. Injunctions § 170, p. 813.