## 41978. COGGINS v. RHODES.

JORDAN, Judge. The plaintiff filed suit on July 16, 1965, in the Superior Court of Columbia County to recover damages arising out of an automobile collision which occurred in Richmond County, Ga., on September 2, 1964. The petition alleged that the defendant was a resident of North Carolina and service was perfected under the provisions of the Nonresident Motorists Act (Code Ann. Ch. 68-8). The defendant filed a traverse to the entry of service and a plea to the jurisdiction in which he denied that he was a resident of North Carolina and alleged that he was a legal resident of Spalding County, Ga.

On the trial of the issues made by his traverse and plea, the defendant testified that he was born in Griffin, Spalding County, Ga., on July 1, 1942, and lived there until he enlisted in the Army on August 8, 1962, that while serving in the Army it was his intention to remain a legal resident of his home county; that at the time of the occurrence complained of he was stationed at Fort Bragg, North Carolina, and was on temporary assignment to Fort Gordon, Ga.; that he had purchased an automobile in North Carolina and had purchased a North Carolina license tag for the automobile; that he was operating his automobile under such tag when the collision occurred; that he was married in December of 1962 and his wife and child resided in Fort Valley, Ga., with her parents while he was in the Army; and that upon his discharge he returned to Griffin, Spalding County, Ga., and reported to his local draft board as required by law. He further testified that he had not made a tax return in Georgia and that he was not a registered voter in Spalding County, Ga., or elsewhere. The plaintiff did not introduce any evidence.

The jury found against the defendant's traverse and plea and the defendant moved for a judgment notwithstanding the ver-

dict in accordance with his previous motion for a directed verdict. This motion was denied and the appeal is from that judgment. *Held:*

The evidence demanded a finding that the defendant was a legal resident of Spalding County, Ga., when the collision occurred and suit was filed; and the fact that he was temporarily sojourning in North Carolina while on his tour of duty with the Army at such time did not make him subject to service under the Nonresident Motorists Act (*Code Ann. Ch.* 68-8). *Davis v. Holt,* 105 Ga. App. 125 (123 SE2d 686). The trial court erred therefore in denying his motion for judgment notwithstanding the verdict, and that judgment is reversed with direction that judgment be entered for the defendant.

*Judgment reversed with direction. Bell, P. J., and Eberhardt, J., concur.*

Argued May 4, 1966—Decided May 13, 1966— Rehearing denied June 16, 1966—

*Allgood & Childs, Thomas F. Allgood,* for appellant.
*Randall Evans, Jr.,* for appellee.