46958. VINSON v. PORTER.

SUBMITTED MARCH 6, 1972—DECIDED MAY 31, 1972—
REHEARING DENIED JUNE 27, 1972—

*Burt, Burt & Rentz, Van Cheney,* for appellant.

*Landau, Davis & Farkas, Edmund A. Landau, Jr.,* for appellee.

BELL, Chief Judge. If the defendant was a resident of Albany, Georgia at the time of the collision then service upon him cannot be obtained by the nonresident motorist statute. *Davis v. Holt,* 105 Ga. App. 125 (b) (123 SE2d 686). Although the defendant in his affidavit claims that at the time he and his wife took up an abode in Albany that he intended to become a permanent resident of Georgia, the

fact that he was in this State in compliance with Naval orders, and the fact that upon completion of his service obligation he returned to Ohio, raises an inference that he was only a temporary sojourner in Georgia, and thus a nonresident. *Davis v. Holt,* 105 Ga. App. 125, supra; *Coggins v. Rhodes,* 113 Ga. App. 837 (149 SE2d 834). Thus giving the plaintiff, the opposing party, the benefit of this favorable inference, it is clear that there is a genuine material issue of fact as to the residence of the defendant for resolution by a jury. The trial court erred in granting the motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., and Evans, J., concur.*