RYDER, Judge.
Appellee brought an action in Manatee County seeking injunctive relief and damages against appellants for using appellee’s registered service mark, “Warm Beer-Lousy Food” in connection with appellants’ restaurant. Appellants filed a motion to dismiss the action arguing improper venue and failure to state a cause of action.
Both parties filed affidavits in support of their positions. Appellants’ affidavit provided that appellants did business only in Seminole County and that they never:
[Ajdvertised or solicited prospective customers of Plaintiff or created customer confusion or performed any overt acts whatsoever constituting trademark infringement of Plaintiff’s trademark or damage to Plaintiff’s business reputation in Manatee County or anywhere within one hundred (100) miles of Plaintiff’s restaurant; said corporation solicits business and advertises only on local radio, local TV, and in local newspapers, for Orange and Seminole Counties.
Appellee’s affidavit provided that it has two restaurants in Manatee County and a third in Tarpon Springs, with plans to open another restaurant in “the center of the state”. Appellee averred that it had “built a strong reputation not only in the immediate areas where they are presently in operation but also statewide and nationwide.”
A telephone conference was held between the trial judge and counsel for both appellants and appellee. In addition to arguing in support of their affidavit, appellants argued that appellee’s mere statement that its service mark was well known throughout the state failed to demonstrate an overt act by appellants supporting venue in Manatee County. Appellee argued that it did not have to sue appellants where appellants were located because it had successfully alleged a cause of action in Manatee County. Appellee argued that its trademark was well known outside the counties where its restaurants were located and that it had entered the “channels of commerce”. Appellee contended that appellants had put their reputation in “the channels of commerce” when they chose to advertise, solicit business and otherwise seek tourist trade and that the act of infringement was complete at the remote end of the “channel of commerce” and not at appellants’ end.
The trial court denied appellants’ motion to dismiss. The trial court stated that “Florida is a tourist state, Manatee County is a tourist county, Orange and Seminole Counties are tourist counties, and because of all the transients moving from one place to another, this was sufficient to show a cause of action for trademark infringement occurring in Manatee County.”
This appeal is from the trial court’s non-final order denying appellants’ motion to dismiss appellee’s complaint for improper venue. Appellants allege that the trial court erred in not transferring venue because the record showed venue to be lacking in Manatee County. We agree.
A cause of action against a domestic corporation may be brought “only in the *351 county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.” § 47.051, Fla.Stat. (1985). An action against a resident individual may be brought “only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” § 47.011, Fla. Stat. (1985).
At the hearing on appellants’ motion to dismiss for lack of venue, both parties argued the Luckie v. McCall Mfg. Co., 153 So.2d 311 (Fla. 1st DCA 1963) case in support of their respective positions. Luckie was an unfair competition case. The plaintiff brought suit in Hamilton County, Florida, “to impose a constructive trust upon a trade-mark allegedly belonging to plaintiff but federally registered in the name of one or more of the defendants, to enjoin the alleged unlawful use thereof by defendant, and for other relief.” The defendants filed a motion to dismiss alleging lack of venue and failure to state a cause of action. The trial court denied their motion. The appellate court affirmed holding that:
[U]nder the venue statutes of this state a cause of action to enjoin unfair competition accrues to the injured party and may be maintained in any county in which occurs an overt act constituting unfair competition, coupled with an apparent intent to continue the violation of plaintiffs rights. In this case the overt act is the alleged placing into the channels of commerce in Hamilton County of the articles offered for sale in violation of plaintiffs rights.
Id. at 313. The evidence before the trial court in Luckie established that the individual defendants were residents of Dade County, Florida, and that the corporate defendant had its principal place of business in Dade County. The defendants did not conduct any manufacturing operations or place the labels on their product in Hamilton County. The overt act allegedly constituting unfair competition was the fact that the defendants’ products were actually being marketed in Hamilton County. The court held that the actual marketing of defendants’ product in Hamilton County was a sufficient overt act to establish venue.
Applying Luckie to the instant case, ap-pellee failed to demonstrate an overt act in Manatee County. Appellants have no contact with Manatee County. Their businesses are not located in Manatee County and appellants have not advertised or promoted their business outside of Seminole or Orange Counties. The trial judge’s finding that Florida is a tourist state, as are some of its subdivisions, adds nothing to the case and provides no assistance herein to the determination of venue.
We hold that the trial court erred in denying appellants’ motion to dismiss ap-pellee’s complaint for lack of venue. We reverse and set aside the trial court’s order and remand for entry of an order granting appellants’ motion to dismiss for lack of venue.
Reversed and remanded with instructions.
SCHEB, Acting C.J., and PARKER, J., concur.