A92A2265. CARROLL v. AMERICAL CORPORATION.
(428 SE2d 811)

BIRDSONG, Presiding Judge.

Margie A. Carroll appeals from the grant of summary judgment to Americal Corporation and from the dismissal of Joseph Husband Froeber because of void service of process. The record shows Carroll was in an automobile accident with Froeber who was driving an automobile owned by Americal and was going from home to work. Because Froeber's driver's license showed that he lived in North Carolina, Carroll attempted service upon him through the Secretary of State under the Nonresident Motorists Act (OCGA § 40-12-1 et seq.). Subsequently, Froeber successfully challenged service upon him under the Nonresident Motorists Act because at the time of the accident he was a resident of Georgia even though he continued to use the North Carolina driver's license. Thereafter, the trial court granted Americal's motion for summary judgment because Carroll had not established that at the time of the accident Froeber was acting within the scope of his employment.

Carroll contends that both of these rulings were erroneous. *Held*:

1. Although Carroll enumerated as error the trial court's ruling that service upon Froeber was defective, this enumeration is supported only by argument that it was unfair for the trial court to hold that Froeber could not be served under the Nonresident Motorists Act when he used a North Carolina driver's license. Carroll, however, has made no argument that the trial court was incorrect legally, and has made no reference to the transcript or citation of authority; therefore, this enumeration could be deemed abandoned. See Court of Appeals Rule 15 (c); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564); *Sepulvado v. Daniels Lincoln Mercury*, 170 Ga. App. 109 (316 SE2d 554). Nevertheless, since some argument was made we will address this issue. Although Carroll blames Froeber's

use of the North Carolina license for her failure to perfect service, we note that the certificate from our Secretary of State's office identifying the registered agent for American designated Joseph Husband Froeber in Carrollton, Georgia, as the agent for service and that Carroll directed process for American to be served upon Joseph Husband Froeber in Carrollton, Georgia. Moreover, the return receipt for the certified mail delivery in North Carolina showed delivery to a "Mrs. R. J. Froeber." Under the circumstances, it is difficult to place the entire blame on Froeber for failure of service. In any event, it was Carroll's responsibility to investigate and determine where a defendant may be served. *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510).

Moreover, even if Froeber continued to maintain a residence in North Carolina in addition to his residence in Georgia, that would not authorize use of the Nonresident Motorists Act. A person may reside in one place and be domiciled in another (*Avery v. Bower*, 170 Ga. 202, 206 (152 SE 239)), and may have more than one residence (*Davis v. Holt*, 105 Ga. App. 125 (123 SE2d 686)), but as long as one residence is in Georgia, he is not a nonresident for purposes of the Act. *Thompson v. Abbott*, 226 Ga. 353, 357 (174 SE2d 904); *Bailey v. Hall*, 199 Ga. App. 602 (405 SE2d 579). Accordingly, the trial court did not err by finding that the Nonresident Motorists Act did not apply to this case and by finding that Carroll was guilty of laches by not perfecting valid service in a diligent manner after service of process was contested in the defendant's answer to the complaint. See *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138). Additionally, we note Carroll has not challenged the trial court's ruling on her lack of diligence.

2. Carroll further contends the trial court erred by granting summary judgment to American because a genuine issue of material fact remained on whether Froeber was acting in the scope of his employment at the time of the accident. As Carroll relies on the presumption that Froeber was acting in the scope of employment created because he was driving his employer's car at the time of the accident, this appeal falls within the analysis employed by our Supreme Court in *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186). Under *Allen Kane*, when faced with facts rebutting the presumption of scope of employment, a plaintiff cannot merely rely upon the presumption of scope of employment to create a jury issue. Id. at 779-780.

Here, the record shows American and Froeber submitted evidence that Froeber was not acting in the scope of his employment at the time of the accident. Carroll's response only relied upon the presumption that Froeber was within the scope of his employment because the car was owned by American, and Froeber, American's employee, was

driving at the time of the accident. She did not present evidence or point to other evidence in the record showing some other fact indicating that Froeber was acting within the scope of his employment with Americal. Under *Allen Kane*, Carroll's response was insufficient to create a jury issue because Carroll did not present any facts showing that Froeber was acting within the scope of his employment other than Americal's ownership of the car and Froeber's status as Americal's employee. Id. at 780. Under the circumstances, Americal demonstrated that there was no evidence in the record sufficient to create a jury issue on this essential element of Carroll's case and Carroll failed to come forward with or "point to specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Therefore the trial court did not err by granting summary judgment to Americal.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1993.

*Johnson, Beckham & Dangle, William P. Johnson*, for appellant.
*Fortson & White, Williston C. White, Matthew G. Moffett, Kenneth B. Hodges III*, for appellee.