A98A1268. PHILLIPS v. JACKSON.
A98A1269. BIGELOW v. JACKSON.
(506 SE2d 158)

RUFFIN, Judge.

In separate actions, Damiana Nicola Phillips and Tony Teras Bigelow sued Benji Jackson for injuries they allegedly suffered in an automobile collision involving Jackson. Jackson moved for summary judgment in both cases, asserting that neither plaintiff properly served him in accordance with the Nonresident Motorists Act, OCGA § 40-12-1 et seq. The trial court granted summary judgment to Jackson in each action. Phillips appeals the grant of summary judgment in Case No. A98A1268, and Bigelow appeals the grant of summary judgment in Case No. A98A1269. For reasons which follow, we affirm.

"The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) [(1991)]. When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the

---

court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. [Cit.] Further, when reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. [Cits.]" *Stacey v. Jones,* 230 Ga. App. 213, 214-215 (1) (495 SE2d 665) (1998).

Viewed in the light most favorable to Phillips and Bigelow, the nonmovants, the evidence reveals that on November 30, 1992, Phillips was driving a Nissan automobile in Muscogee County with Bigelow as her passenger. According to the plaintiffs, Jackson failed to yield at an intersection and struck the right side of the Nissan, resulting in injuries to both plaintiffs. Both Phillips and Bigelow filed their actions on November 15, 1994. On January 3, 1995 Jackson was personally served with notice of the lawsuits at his residence in Brandon, Mississippi.

Jackson raised the issue of insufficiency of service of process in his answer to both actions. In support of his summary judgment motions, Jackson asserted that he has always been a resident of Mississippi and was a resident of Mississippi in 1992 when the collision occurred and in 1995 when the plaintiffs served him with notice of their actions. In affidavits, Jackson testified that "I have been a resident of Mississippi for my entire life, and have physically lived in Mississippi all of my life except for periods of time when I have served in the military." Jackson further stated that from the end of August 1992 to January 1993, he rented an apartment in Columbus, Georgia because he was attending an infantry officer advanced course at Fort Benning in accordance with orders from the Mississippi National Guard. He testified that he has never resided or intended to reside in any state other than Mississippi. Finally, Jackson pointed out in support of his motion for summary judgment that while the accident report completed in connection with the collision listed his temporary Columbus address, it also listed his car's Mississippi license plates and his Mississippi driver's license.

Jackson argued that because he was never a Georgia resident, the plaintiffs were required to serve him in accordance with the Nonresident Motorists Act. See OCGA § 40-12-2. The trial court agreed and granted Jackson summary judgment in each case because Phillips and Bigelow failed to comply with the Act.

On appeal, Phillips and Bigelow assert that Jackson had more than one residence and, accordingly, was properly served under Georgia's long arm statute, OCGA § 9-10-91. Further, the plaintiffs claim that Jackson was estopped from asserting insufficiency of process because (1) he gave the investigating police officer his temporary Columbus address and (2) he failed to leave a forwarding address with the office manager of the apartment complex where he was stay-

ing in Columbus upon returning to Mississippi. In response, Jackson maintains that he was not a resident of Georgia at the time of the collision, but merely a sojourner. See *Davis v. Holt*, 105 Ga. App. 125 (1) (123 SE2d 686) (1961).

1. " 'The difference between three conceptions, that of sojourn, residence, and domicil . . . is one purely of intention. To become a sojourner, no intention whatever is necessary, merely the fact of personal existence in the place. For residence there is an intention to live in the place for the time being. For the establishment of domicil the intention must be not merely to live in the place but to make a home there.' [Cit.]" Id. at 129-130. "A person may reside in one place and be domiciled in another ([cit.]), and may have more than one residence ([cit.]), [and] as long as one residence is in Georgia, he is not a nonresident for purposes of the [Nonresident Motorists] Act. [Cit.]" *Carroll v. American Corp.*, 207 Ga. App. 651, 652 (1) (428 SE2d 811) (1993). "The term, 'sojourn,' as a noun, is defined as meaning a temporary stay or a temporary residence, as that of a traveler in a foreign land, a sojourner. [Cit.]" *Davis*, supra at 130.

"It has been the considered opinion of prior decisions of this court that a service person is a 'temporary sojourner.' [Cits.]" *Smiley v. Davenport*, 139 Ga. App. 753, 756 (2) (229 SE2d 489) (1976). In *Coggins v. Rhodes*, 113 Ga. App. 837 (149 SE2d 834) (1966), the defendant was enlisted in the Army at the time he was involved in an automobile collision with the plaintiff. The plaintiff served the defendant pursuant to the Nonresident Motorists Act because at the time of the collision the defendant was stationed in North Carolina. The defendant raised the issue of insufficiency of process, testifying that he was born in Georgia and that it was his intention to remain a resident of Georgia while serving in the Army. We concluded that the defendant was a Georgia resident when the collision occurred and suit was filed. Id. at 838. We further held that "the fact that he was temporarily sojourning in North Carolina while on his tour of duty with the Army at such time did not make him subject to service under the [Act]. [Cit.]" Id. See also *Vinson v. Porter*, 126 Ga. App. 555 (191 SE2d 297) (1972) (facts that defendant in personal injury action arising from automobile collision was enlisted in the Navy and was in Georgia at time of collision in compliance with Naval orders, but returned to Ohio upon completion of his service, raised an inference that he was only a temporary sojourner in Georgia and thus a nonresident).

In the instant actions, the evidence is uncontroverted that Jackson was a member of the Mississippi National Guard at the time of the collision, that he was in Georgia in compliance with National Guard orders, that he had always been a resident of Mississippi, that he never intended to become a resident of any other state, and that

he had Mississippi license plates and a Mississippi driver's license. We cannot conclude that Jackson maintained a residence in Georgia based upon the mere fact he gave the investigating police officer his temporary Columbus address for the accident report. Accordingly, given the evidence and the prior decisions holding that a service person stationed in Georgia temporarily is a sojourner and not a resident, we conclude that Jackson was a nonresident. Thus the plaintiffs were required to serve him in accordance with the Nonresident Motorists Act, OCGA § 40-12-2, which they failed to do. See *Smiley*, supra; *Vinson*, supra; *Coggins*, supra. Therefore, the trial court properly granted summary judgment to Jackson in both actions.

2. We also find that the plaintiffs' estoppel by conduct argument fails. " 'In order to constitute estoppel by conduct, there must concur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and fifth, persons complaining shall have been induced to act by reason of such conduct of the other.' [Cits.]" *Davis*, supra at 132-133.

In the instant cases, Jackson did not falsely represent or conceal facts when he gave the investigating officer his temporary Columbus, Georgia address and when he failed to leave a forwarding address with the apartment complex's office manager upon returning to Mississippi. See id. Additionally, the fourth element "is missing in [these cases], since there is nothing to show that the conduct of [Jackson] relied upon to work an estoppel was done intentionally by [Jackson] to influence the conduct of the [plaintiffs] in filing an action against him." Id. at 133. Accordingly, this contention is meritless and the trial court properly granted summary judgment to Jackson.

*Judgment affirmed. Pope, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED AUGUST 14, 1998.

*Worthington & Flournoy, Thomas M. Flournoy, Jr.,* for appellants.

*Self, Mullins, Robinson, Marchetti & Kamensky, J. Ronald Mullins, Jr., Martha M. Hartley,* for appellee.