[No. C038927. Third Dist. Sept. 13, 2002.]

In re the Marriage of Mark A. AMEZQUITA and ROBERTA D. ARCHULETA.
MARK A. AMEZQUITA, Appellant, v.
ROBERTA D. ARCHULETA, Respondent.

1416

## Counsel

Michael E. Barber for Appellant.

Roberta D. Archuleta, in pro. per., for Respondent.

## Opinion

**NICHOLSON, Acting P. J.**—Family Code section 4962 allows California courts to modify another state's child support order if, among other things, the obligor of the order "resides" in California. The question presented is whether a person "resides" in California while stationed here in the military, even though his domicile remains in another state. We conclude he does not "reside" here for the purpose of applying Family Code section 4962. Because the trial court concluded otherwise and modified the support order, we reverse.

### BACKGROUND

The parties, who have three children (born in 1981, 1984, and 1987), were divorced in 1990. The New Mexico decree set child support payable from Mark A. Amezquita (Husband) to Roberta D. Archuleta (Wife) at $600 per month. In September 1999, Wife, who had moved to California with the children, registered the out-of-state support order in Sacramento and obtained an order to show cause for a modification of the support. She filed a declaration stating that Husband, an employee of the United States Air

Force, was living in San Pedro, California. The pleadings were served on Husband personally within California.

Husband, in propria persona, filed a responsive declaration stating that he did not consent to the requested order but would consent to an order to "be specified after advisement by legal counsel." Soon thereafter, counsel for Husband filed a declaration and memorandum of points and authorities seeking to amend the responsive pleading so as not to admit that the court had jurisdiction over the support matter. Counsel asserted Husband was misled into filing the responsive pleading by a court employee and by the office of opposing counsel and that New Mexico is the only state with jurisdiction to modify the support order.

Husband is a sergeant in the Air Force assigned to active duty in California. He maintains a New Mexico driver's license. He votes and files income tax returns there. Husband holds, in his words, a "residual interest" in his parents' home in New Mexico and intends to return to that state when he retires from the military.

In January 2000, the trial court concluded it had jurisdiction to modify child support. It ordered Wife to prepare a formal order including an appropriate amount of support consistent with the court's findings. In June 2001, after many months of delay, Wife submitted and the trial court signed an order requiring Husband to pay a total of $974 in monthly child support. The court also found Husband was in arrears on support payments under the New Mexico order and directed Husband to pay $50 per month to satisfy that debt. Husband appeals.

DISCUSSION

I

*Timeliness of Appeal*

■ Husband filed his notice of appeal almost 18 months after the trial court's ruling on the submitted matter yet less than a month after the court signed the formal "Findings and Order After Hearing." He asserts his appeal is timely because the time to file the notice of appeal ran from entry of the formal order, not from the ruling, because the ruling expressly contemplated a formal, written order. Wife did not file a respondent's brief and, therefore, does not contend the appeal is untimely. We agree with Husband that the time to file his notice of appeal ran after entry of the formal Findings and Order After Hearing and his appeal is therefore timely. (See Cal. Rules of Court, rule 2(c)(2) [appeal from formal order].)

II

*"Residence" Under Family Code Section 4962*

A California court may modify another state's child support order "[i]f all of the parties . . . *reside* in this state and the child does not reside in the issuing state . . . ." (Fam. Code, § 4962, subd. (a), italics added.) If these conditions are not met, the California court does not have subject matter jurisdiction to make the modification. (See Fam. Code, § 4909.)

■      Husband asserts the trial court had no subject matter jurisdiction to modify the support order because, even though Wife and the children "resided" in California, he did not. He claims the term "reside" in Family Code section 4962 refers to domicile. After considering the statute in context, we agree.

■      "In interpreting a statute where the language is clear, courts must follow its plain meaning. [Citation.] However, if the statutory language permits more than one reasonable interpretation, courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute. [Citation.] In the end, we ' "must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." [Citation.]' [Citation.]" (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57].)

■      "Courts and legal writers usually distinguish 'domicile' and 'residence,' so that 'domicile' is the one location with which for legal purposes a person is considered to have the most settled and permanent connection, the place where he intends to remain and to which, whenever he is absent, he has the intention of returning, but which the law may also assign to him constructively; whereas 'residence' connotes any factual place of abode of some permanency, more than a mere temporary sojourn. 'Domicile' normally is the more comprehensive term, in that it includes both the *act* of residence and an *intention* to remain; a person may have only one domicile at a given time, but he may have more than one physical residence separate from his domicile, and at the same time. [Citations.] But statutes do not always make this distinction in the employment of those words. They frequently use 'residence' and 'resident' in the legal meaning of 'domicile' and 'domiciliary,' and at other times in the meaning of factual residence or in still other shades of meaning. [Citations.]" (*Smith v. Smith* (1955) 45

Cal.2d 235, 239 [288 P.2d 497], italics in original.) ■ In the context of jurisdiction to enter a judgment dissolving a marriage, "[i]t is well settled in California that the term 'residence' . . . is synonymous with 'domicile.' [Citations.]." (*In re Marriage of Thornton* (1982) 135 Cal.App.3d 500, 507 [185 Cal.Rptr. 388].) Since there is no plain meaning of "reside" that we can apply to Family Code section 4962, we turn to extrinsic aids. (*Torres v. Parkhouse Tire Service, Inc., supra,* 26 Cal.4th at p. 1003.)

Family Code section 4962 was borne of section 613 of the Uniform Interstate Family Support Act (UIFSA); they are identical in every way relevant to this case. The Legislature adopted the UIFSA in 1997. (Stats. 1997, ch. 194 § 2.) Drafted by the National Conference of Commissioners on Uniform State Laws (NCCUSL), the UIFSA was imposed on the states by Congress as a condition to receiving federal funding of child support enforcement efforts. (42 U.S.C. § 666.)

Family Code section 4962 is just one piece of the UIFSA, which was meant to ensure that, in the words of the NCCUSL, "only one valid support order may be effective at any one time" (National Conference of Commissioners on Uniform State Laws, Uniform Interstate Family Support Act (1996) Prefatory Note, p. 5), even though the parties and their children may move from state to state. With that in mind, we turn to section 205 of the UIFSA, which was adopted in California as Family Code section 4909 and in New Mexico as section 40-6A-205. It provides: "A tribunal of this State issuing a support order consistent with the law of this State has *continuing, exclusive jurisdiction* over a child-support order: [¶] (1) as long as this State remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or [¶] (2) until all of the parties who are individuals have filed written consents with the tribunal of this State for a tribunal of another State to modify the order and assume continuing, exclusive jurisdiction." (UIFSA § 205, subd. (a), italics added.) The NCCUSL referred to this section as "perhaps the most crucial provision in UIFSA." (National Conference of Commissioners on Uniform State Laws, Uniform Interstate Family Support Act (1996) § 205, com., p. 22.)

Under this section, which we will refer to as Family Code section 4909, New Mexico retains "continuing, exclusive jurisdiction" if that state is Husband's "residence." If New Mexico's jurisdiction is exclusive, then, by definition, California does not have jurisdiction. In other words, under the UIFSA, it is assumed that a person cannot have more than one residence. This, however, does not comport with the more general definition of residence noted above, allowing for multiple residences. (See *Smith v. Smith, supra,* 45 Cal.2d at p. 239.) Instead, "residence," for the purpose of the UIFSA, must mean "domicile," of which there can be only one. (*Ibid.*)

Interpreting "reside in this state" in Family Code section 4962 to mean "are domiciled in this state" does not stretch the meaning of the words used beyond an acceptable, plain-meaning limit. When section 4962 was adopted in 1997, the Legislature was aware, at least constructively, that courts have interpreted "residence" to mean "domicile" in the family law context. ▉ "When legislation has been judicially construed and subsequent statutes on a similar subject use identical or substantially similar language, the usual presumption is that the Legislature intended the same construction, unless a contrary intent clearly appears. [Citations.]" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135-1136 [104 Cal.Rptr.2d 377, 17 P.3d 735].) ▉ Furthermore, as noted above, the goal of the UIFSA to prevent states from issuing conflicting support orders would be thwarted by a conclusion that a person can maintain more than one residence for the purpose of applying section 4962. This is the only interpretation that promotes, and does not defeat, the purpose of the UIFSA. (See *Torres v. Parkhouse Tire Service, Inc., supra,* 26 Cal.4th at p. 1003.)

On this record, Husband is domiciled in New Mexico, even though he is stationed in California on military assignment. Counsel for Wife conceded it is "probably reasonable to assume New Mexico is his domicile." As noted above, a person's domicile is "the place where he intends to remain and to which, whenever he is absent, he has the intention of returning . . . ." (*Smith v. Smith, supra,* 45 Cal.2d at p. 239.) Although Husband has lived in California for several years on military assignment, the record is uncontradicted that he does not intend to remain here after retirement and, instead, intends to return to New Mexico. He retains his New Mexico driver's license, and he votes and pays taxes there.

During argument in the trial court, counsel for Wife contended that asserting jurisdiction over child support modification in California is not unfair to Husband. She argued: "[T]here's nothing unfair about litigating a modification of support here when [Husband] has lived here for five years, when [Wife] has lived here with the children . . . since . . . June of 1998. [¶] There's . . . just nothing inherently unfair about proceeding here when everybody is living here. Regardless of where his domicile is, he's been here for five years, living here."

While fairness to the parties may have been an ideal sought after by the NCCUSL and, later, our Legislature when the UIFSA was written and adopted, it is not the overriding principal and cannot be invoked to overcome the purpose of maintaining order in the enforcement and modification of support orders. Here, Husband is domiciled in New Mexico, the "issuing state" of the original child support order, and therefore "resides" in that state

for the purpose of applying the UIFSA. New Mexico retains "continuing, exclusive jurisdiction" over child support (Fam. Code, § 4909) and California does not have jurisdiction to modify New Mexico's order. (See *Harding v. Harding* (2002) 99 Cal.App.4th 626, 636 [121 Cal.Rptr.2d 450] [similarly interpreting the UIFSA].)

While we find the trial court did not have jurisdiction to modify the New Mexico support order, it had jurisdiction to enforce that order because Wife properly registered the order in California. (Fam. Code, § 4959.) Husband concedes this point.

## DISPOSITION

The trial court's order is reversed as to modification of the New Mexico support order. To the extent the order directs Husband to pay on the arrearage under the New Mexico order, the current order is affirmed. The parties shall bear their own costs on appeal.

Morrison, J., and Hull, J., concurred.