## A08A0828. KEAN v. MARSHALL.

(669 SE2d 463)

BARNES, Chief Judge.

Following the grant of a discretionary appeal, OCGA § 5-6-35 (a) (2), Waco Kean appeals the trial court's denial of his motion to dismiss Gina Marshall's complaint to record and modify an Alabama child support order. Kean contends the trial court erred by finding that he was a resident of Georgia for these purposes and also erred by awarding attorney fees to Marshall on the modification action.[1] We agree, and for the reasons stated below reverse the trial court.

Although never married, Kean and Marshall are the parents of Jessica Danae Kean, who was born in November 1996. On November 3, 1997, an Alabama court entered an order requiring Kean to pay support for the girl. On April 13, 2006, Marshall filed this action under the Uniform Interstate Family Support Act (UIFSA), OCGA § 19-11-100 et seq., to record the Alabama order and to modify it by increasing the amount of child support. Marshall's complaint contended that Kean resides in Henry County, Georgia, and is therefore subject to Henry County's jurisdiction. Kean moved to dismiss the action because of lack of jurisdiction, but the trial court denied his motion. The court entered an order modifying child support based upon the parties' agreement as to amount, but Kean reserved the right to appeal subject matter jurisdiction. After the court resolved the outstanding issue of attorney fees, Kean filed this appeal.

According to his deposition testimony, Kean was born and raised in Alabama, attended school in Alabama, and enlisted in the Army in Alabama. He also is registered to vote in Alabama, has always paid Alabama income taxes, has an Alabama driver's license, and cares for his elderly father in Alabama. His vehicles are registered in Alabama. He further testified that he, his wife, and two sons live in Alabama with his father. During his two tours of duty, Kean was stationed in Missouri, Texas and Hawaii. But, he contends, he always has considered himself domiciled in Alabama. While in Hawaii, he requested a compassionate change of station after his mother died so he could be near and take care of his father who was ill, and the

---

[1] Kean has not appealed the trial court's ruling that Marshall was authorized to record the Alabama child support order in Georgia, and our decision in this case does not affect that decision.

closest duty station where he could perform his specialty was Fort Gillem, south of Atlanta. He entered a six-month lease for an apartment in Stockbridge for the times he had to work overtime and weekends, and he received mail at that apartment, e.g., bank statements and credit card bills. He worked four ten-hour days each week, commuted on those days from Alabama to Fort Gillem, and spent his three-day weekends in Alabama. At the hearing on his motion to dismiss, Kean testified that he never intended to move to Georgia, that he intends to "remain" in the State of Alabama, and that he is domiciled in Alabama and calls Alabama home.

Kean also sent Marshall e-mails, which the trial court found cast doubts upon his claim that he generally commuted from Alabama to Fort Gillem. The trial court concluded that Kean intended to remain at the Stockbridge residence indefinitely, and that he was thus subject to jurisdiction in Georgia. At the conclusion of the hearing the trial court stated that Marshall need only show that Kean had sufficient minimum contacts with Georgia for her to establish jurisdiction; she was not required to prove that Kean was domiciled in Georgia.

1. The UIFSA was enacted to replace the Uniform Reciprocal Enforcement of Support Act (URESA) (OCGA § 19-11-40 et seq.) for enforcement proceedings filed on or after January 1, 1998. OCGA § 19-11-40.1. The trial court found that although one provision of the UIFSA grants expansive personal jurisdiction over nonresidents in proceedings to modify support orders under OCGA § 19-11-110, other provisions restrict that jurisdiction. And, the trial court concluded, for the court to exercise jurisdiction over Kean in this case, the court would have to find that all parties reside in Georgia and that the child does not live in the issuing state, Alabama. "If all of the parties who are individuals reside in Georgia and the child does not reside in the issuing state, a tribunal in Georgia has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order." OCGA § 19-11-172 (a).

Kean contends the court erred in finding that he resides in Georgia. The trial court noted that the UIFSA does not define the term "reside" for purposes of the act but concluded that " 'reside' as used in OCGA § 19-11-172 means 'are domiciled.' " The trial court observed that although no Georgia court has addressed the issue, at least two other states that have adopted the UIFSA have held that "reside" for purposes of the UIFSA means domicile. See *In re Marriage of Amezquita & Archuleta*, 101 Cal. App. 4th 1415 (124 Cal. Rptr. 2d 887) (Cal. App. 3d Dist. 2002); *Block v. Block*, 2005 Minn. App. LEXIS 26 (Jan. 18, 2005) (unpublished, non-precedential opinion; see Minn. Spec. R. Prac. App. Ct. 4).

Under OCGA § 19-2-1, which is in the chapter entitled "domicile" in the domestic relations code,

(a) [t]he domicile of every person who is of full age and is laboring under no disability is the place where the family of the person permanently resides, if in this state. If a person has no family or if his family does not reside in this state, the place where the person generally lodges shall be considered his domicile. (b) The domicile of a person sui juris may be changed by an actual change of residence with the avowed intention of remaining at the new residence. Declaration of an intention to change one's domicile is ineffectual for that purpose until some act is done in execution of the intention.

Further, "[t]here must be a concurrence of actual residence and the intention to remain, to acquire a domicile. There must be either the tacit or the explicit intention to change one's domicile before there is a change of legal residence." (Citations and punctuation omitted.) *Sorrells v. Sorrells*, 247 Ga. 9, 12 (3) (274 SE2d 314) (1981).

The terms "residence" and "domicile," however, are not synonymous and convertible terms — one may have several residences, but only one place of domicile; questions of domicile and residence are mixed questions of law and fact. *Baldwin v. State Farm Fire &c. Co.*, 264 Ga. App. 229, 230 (1) (590 SE2d 206) (2003). To acquire a domicile in a particular jurisdiction, one must actually reside there with the intention of remaining permanently or for an indefinite time, and a domicile once established continues until a new domicile is acquired. *Williams v. Williams*, 191 Ga. 437, 438 (12 SE2d 352) (1940). One cannot acquire a new domicile simply by a change of residence; it must instead be with the intention of abandoning the old residence and of remaining permanently or for an indefinite time in the new. Id. Thus, one may continue to be domiciled in one jurisdiction even though at the time he may in fact be residing in another. Id.

One of the two foreign cases the trial court cited in support of its conclusion that residence equals domicile under the UIFSA also involved a father in the military. A California court found that California lacked jurisdiction to modify a New Mexico child support award because the husband was domiciled in New Mexico, even though he had been stationed in California on military assignment as a sergeant in the Air Force. *In re Marriage of Amezquita*, supra, 101 Cal. App. 4th 1415. The court observed that "[a]lthough Husband has lived in California for several years on military assignment, the record is uncontradicted that he does not intend to remain here after

retirement and, instead, intends to return to New Mexico. He retains his New Mexico driver's license, and he votes and pays taxes there." Id. at 1421 (II).

This holding in *Amezquita* is consistent with the law in Georgia, as we have held that "[a] person's domicile is not changed merely by his enlistment in the army, and his transfer or assignment by military order to another jurisdiction." *Squire v. Vazquez*, 52 Ga. App. 712 (184 SE 629) (1936). See also *Phillips v. Jackson*, 233 Ga. App. 875 (506 SE2d 158) (1998) (physical precedent only), overruled on other grounds, *Farrie v. McCall*, 256 Ga. App. 446 (568 SE2d 603) (2002), in which we held that a Mississippi National Guardsman who rented an apartment in Columbus, Georgia, while he was stationed there for training and had a Mississippi driver's license and Mississippi car registration was not domiciled in Georgia. Compare *Smiley v. Davenport*, 139 Ga. App. 753 (229 SE2d 489) (1976) (physical precedent only), in which we found an Air Force doctor who purchased a house in DeKalb County and voted in Georgia was domiciled in Georgia. Moreover, this is consistent with our law on domicile and residence generally.

> One's legal residence for the purposes of [OCGA § 15-9-31] is the same as his domicile. . . . "A man may have several residences, but only one place of domicile. There must be a concurrence of actual residence, and the intention to remain, to acquire a domicile. 'Domicile,' unlike 'residence,' means a permanent place of abode, whereas 'residence' is not necessarily permanent, and may be at some place other than the place of domicile." *Davis v. Holt*, 105 Ga. App. 125, 129 (1) (a) (123 SE2d 686) (1961).

(Punctuation omitted.) *Wright v. Goss*, 229 Ga. App. 393, 396 (2) (494 SE2d 23) (1997) (probate court can grant administration only on estate of person who was domiciled in county when he died).

Given the extensive evidence that Kean continues to consider Alabama his home and that he intends to "remain" there, the trial court erred by concluding that he is domiciled in Georgia. The trial court's focus on Kean's actions regarding his apartment in Henry County and whether he was commuting from Alabama to Fort Gillem is misplaced. The proper focus is whether the record contained evidence that Kean took any action to change his domicile from Alabama to Georgia, and the record is devoid of evidence showing any such action. Accordingly, the trial court erred by finding that Kean was not domiciled in Alabama. *Strother Ford, Inc. v. First Nat. Bank &c.*, 132 Ga. App. 268, 270 (208 SE2d 25) (1974) (under doctrine of presumption of continuity, a status proved to exist will be

presumed to have continued to exist; "until evidence is introduced to the contrary, it is presumed a person has not changed his residence or domicile") (citations omitted). Therefore, the court erred in denying Kean's motion to dismiss the modification action.

2. Because of our holding in Division 1, it follows that Marshall was not entitled to attorney fees for the modification action, and the trial court is directed to vacate that award.

*Judgment reversed with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 10, 2008.

*Justin B. Grubbs*, for appellant.
*Sarah McCormack*, for appellee.