Jeffrey E. **GORTON**, Appellant,

v.

Stephanie J. **MANN**, Appellee.

No. S–14277.

Supreme Court of Alaska

July 27, 2012.

Rhonda F. Butterfield, Anchorage, for Appellant.

Lance C. Wells, Law Offices of Lance C. Wells, P.C., Anchorage, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

Jeffrey Gorton and Stephanie Mann are the parents of a young son. When they divorced, the superior court awarded them a shared physical custody schedule and proceeded to calculate child support. This appeal arises from that calculation and from the amount the superior court allowed Jeffrey to deduct from his income for child support payments he was already making for his two children from a prior marriage. The superior court allowed Jeffrey to deduct from his adjusted gross income the actual amount of child support he paid to the mother of his two older children from the prior marriage. But Jeffrey claimed that he should receive a deduction for a hypothetical 27% of his income that caring for the older children would cost him if they lived with him full time and he did not have shared custody of those children. We affirm the superior court's decision that Jeffrey was only entitled to deduct from his adjusted income the amount of child support actually paid for the children from his prior marriage under Alaska Civil Rule 90.3(a)(1)(C).

## II. FACTS AND PROCEEDINGS

Jeffrey Gorton is the father of three children: Satcher, Trice, and Mason. Jeffrey and his ex-wife, Shannon, share custody of Satcher and Trice on a 50–50 schedule. Jeffrey pays $5,756.88 per year to support

Satcher and Trice, an amount that was calculated under Civil Rule 90.3(b)(1).[1]

Stephanie Mann and Jeffrey are the parents of Mason, whose child support is the point of contention in this appeal. In May 2010 the superior court ordered a shared physical custody arrangement for Mason. Due to Jeffrey's work on the North Slope, he spends only two weeks a month in Anchorage. Under this custody arrangement, Jeffrey has custody of Mason for a total of ten days every month during the two weeks he is in Anchorage. Thus, Jeffrey has custody of Mason for 36% of the year, while Stephanie has custody of Mason for 64% of the year.

In the litigation over the proper amount of child support that Jeffrey must pay for Mason, Jeffrey filed a child support affidavit listing his gross income as $84,341. He then claimed that he was entitled to deduct 27% of his income to account for the cost of caring for his children from the prior marriage. After making this 27% deduction, combined with other undisputed deductions, Jeffrey calculated his net income as $45,949.40. Using Jeffrey's income calculation, Jeffrey proposed that he should pay Stephanie $443.25 per month for Mason's support. Stephanie opposed Jeffrey's income calculation. She argued that under Rule 90.3, Jeffrey was only entitled to deduct the amount of child support that he actually paid to his prior wife, Shannon, to support their two children. Using Stephanie's calculation, Jeffrey's net income would be $58,416.28, and his child support obligation would be $642.72 per month to support Mason.

The superior court concluded that Jeffrey was only entitled to deduct the amount of child support actually paid to his ex-wife, reasoning that "the court is bound to apply the amount actually paid as child support of the prior child or children." The superior court ordered Jeffrey to pay $631.64 per month for Mason's support, the amount calculated by Stephanie, minus a minor health insurance adjustment. Jeffrey filed a motion for reconsideration which was denied, and he now appeals.

## III. STANDARD OF REVIEW

■ "Whether a trial court applied the correct method of calculating child support is a matter of law to which we apply our independent judgment."[2]

## IV. DISCUSSION

■ Civil Rule 90.3 provides that child support is to be calculated as a specified percentage of the non-custodial parent's adjusted annual income.[3] The rule defines adjusted annual income as "the parent's total income from all sources minus" certain allowable deductions.[4] Included in the list of deductions are the following: "(C) child support and alimony payments arising from prior relationships which are required by other court or administrative proceedings and actually paid," and "(D) child support for children from prior relationships living with the parent, calculated by using the formula provided

---

1. Civil Rule 90.3(b)(1) states in relevant part:

   A child support award in a case in which the parents are awarded shared physical custody as defined by paragraph (f) will be calculated by:
   (A) Calculating the annual amount each parent would pay to the other parent under paragraph (a) assuming the other parent had primary custody. In this calculation the income limit in subparagraph (c)(2) and the minimum support amount in subparagraph (c)(3) apply.
   (B) Multiplying this amount for each parent by the percentage of time the other parent will have physical custody of the children. However, if the court finds that the percentage of time each parent will have physical custody will not accurately reflect the ratio of funds each parent will directly spend on supporting

the children, the court shall vary this percentage to reflect its findings.
   (C) The parent with the larger figure calculated in the preceding subparagraph is the obligor parent and the annual award is equal to the difference between the two figures multiplied by 1.5. However, if this figure is higher than the amount of support which would be calculated under paragraph (a) assuming primary custody, the annual support is the amount calculated under paragraph (a).

2. *Tillmon v. Tillmon*, 189 P.3d 1022, 1026 (Alaska 2008) (citing *Turinsky v. Long*, 910 P.2d 590, 594 n. 10 (Alaska 1996)).

3. Alaska R. Civ. P. 90.3(a).

4. Alaska R. Civ. P. 90.3(a)(1).

by this rule." [5]

The parties agree that Jeffrey is entitled to a deduction under Rule 90.3(a)(1)(C) to account for support paid for the children of his prior marriage. Stephanie correctly points out that "[t]he plain language of Rule 90.3(a)(1)(C) ties [Jeffrey's] deduction to what is ordered in other court or administrative proceedings." Because Jeffrey is required to pay child support for his two older children, he contends that "there is no dispute that that money is ordered and is actually paid . . . . [and that he] qualifies for the deduction under Civil Rule 90.3(a)(1)(C)." Jeffrey pays $5,756.88 a year in child support for his older children, and the superior court correctly deducted from Jeffrey's income this "amount actually paid as child support of the prior . . . children."

■ But Jeffrey argues that he is also entitled to a deduction under subsection (D) of Civil Rule 90.3(a)(1). He claims that "[t]here is nothing in [Rule 90.3], the Commentary, or in cases, that suggest[s] that a parent who has shared physical custody of two prior children . . . is entitled to only one or the other of the above two specified deductions, but not both." [6] (Emphasis omitted.) We disagree. Subsection (D) provides for a deduction based on an assumption that the child from the prior relationship is living with the parent full time. Subsection (D) states that a parent can deduct from the parent's income "child support for children from prior relationships living with the parent, calculated by using the formula provided by this rule." [7] Thus, subsection (D) allows a parent to deduct the amount necessary to raise and care for children of a prior marriage who are living full time with the parent, even though no child support payment has been made. And the commentary to Rule 90.3 explains that under subsection (D), a deduction "is allowed for the support of the

children of prior relationships even if the party is the custodial parent of the 'prior' children *and does not make child support payments to the other parent of the children.*" [8] The rule does not contemplate allowing a parent to apply deductions for both (C) and (D).

Jeffrey claims that he is entitled to a 27% deduction from his child support payment for Mason to account for the direct support he provides for Satcher and Trice when they are living in his home. He maintains that a 27% deduction would reflect a combination of subsections (C) and (D) and would total "the amount specifically authorized by subsection (D)." But as the superior court recognized, "[w]hen child support is paid to the prior parent in shared custody a sophisticated calculation has occurred which attempts to take into account the equities of sharing child rearing expenses." Under Jeffrey's shared custody agreement with Shannon, Jeffrey pays some child support for the time that Satcher and Trice are in Shannon's custody. But Jeffrey's child support payments to Shannon do not cover her full cost of child care. Under the shared custody child support agreement, Jeffrey's obligation to Shannon is reduced in consideration of the expense he incurs while caring for the children.[9]

The commentary to Rule 90.3 explains that the first consideration when calculating child support for shared custody is "the fact that the obligor is spending a substantial amount of the time with the children," which "probably means the obligor also is paying directly for a substantial amount of the expenses of the children." [10] To compensate for this, "the first step in calculating shared custody support is to calculate reciprocal support amounts for the time each parent will have custody based on the income of the other parent." [11] Thus, in shared custody arrangements, the amount of child support paid to

---

**5.** Alaska R. Civ. P. 90.3(a)(1)(C), (D).

**6.** Jeffrey also argues that the deductions are "mandatory" under Rule 90.3(a)(1)(A), which allows for "mandatory deductions such as: (i) federal, state, and local income tax."

**7.** Alaska R. Civ. P. 90.3(a)(1)(D).

**8.** Alaska R. Civ. P. 90.3 cmt. III.D (emphasis added).

**9.** *See* Alaska R. Civ. P. 90.3(b)(1).

**10.** Alaska R. Civ. P. 90.3 cmt. V.B.

**11.** *Id.*

the other parent already reflects the cost of child care relative to the percentage of time spent caring for the child as well as the income of the other parent.

Allowing Jeffrey to deduct the hypothetical 27% he would have paid to support his older children if they lived full time with him would artificially inflate the deduction for his child care expenses and would fail to take into account the savings in the support he provides to his children that result from Shannon's own contribution to the children's support. The superior court thus correctly permitted Jeffrey to deduct only the amount of child support actually paid to support his children from the prior marriage under Rule 90.3(a)(1)(C).

## V. CONCLUSION

We AFFIRM the decision of the superior court.