*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| MELANIE YVETTE O'NEAL, ) | |
| ) | Supreme Court No. S-14702 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-10-12448 CI |
| v. ) | |
| ) | O P I N I O N |
| MELVIN CAMPBELL, ) | |
| ) | No. 6778 – May 3, 2013 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Mark Rindner, Judge.

Appearances: Melanie O'Neal, pro se, Anchorage, Appellant. No appearance by Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.    INTRODUCTION

A mother appeals pro se from a child support order. She claims that the superior court erred in requiring her to pay child support to a father who shared physical custody and also erred in refusing to allow a deduction for her direct support of two children from a prior relationship. We hold that the child support order was justified despite the shared custody, but we vacate the order and remand to the superior court for

consideration of the deduction that Alaska Civil Rule 90.3 allows for the mother's direct support of her other children.

## II.    FACTS AND PROCEEDINGS

Melanie Yvette O'Neal and Melvin Campbell are the parents of a daughter. In December 2010 Campbell filed an action seeking joint legal custody and shared physical custody. Following a trial at which both parties appeared pro se, Superior Court Judge Mark Rindner granted the parents joint legal custody and set a schedule for shared physical custody. He issued a child support order in January 2012 and then a corrected order on March 8, 2012, which required O'Neal to pay child support of $240 a month.

On March 23, 2012, O'Neal moved for reconsideration of the corrected child support order, explaining that in addition to having her daughter fifty percent of the time, she had two children from a prior relationship for whom she was the sole provider.[1] The superior court invited Campbell to be heard on the merits of O'Neal's motion. Campbell's only response was that his work hours and income had dropped even further since the court's order.

The superior court denied the motion for reconsideration in a written order. It noted that "[t]he March 8, 2012 Child Support Order already takes into account that custody is shared" and further found that "the fact that Ms. O'Neal has other children [is not] a sufficient reason to deviate from Civil Rule 90.3."

O'Neal appeals.

---

[1]    O'Neal's motion to reconsider was procedurally deficient in two respects: she failed to file it within the ten days allowed by Alaska Civil Rule 77(k) and it addresses claims that she had not previously raised. *See, e.g.*, *Dunn v. Dunn*, 952 P.2d 268, 271 n.2 (Alaska 1998). Judge Rindner, however, clearly considered and ruled on the merits of her motion, so we do the same here.

## III. STANDARD OF REVIEW

We "reverse child support awards only if the superior court abused its discretion or applied an incorrect legal standard."[2] Abuse of discretion exists when, in our review, we develop "a definite and firm conviction based on the record as a whole that a mistake has been made."[3] The superior court's findings on a parent's income are reviewed for clear error.[4] "The proper method of calculating child support is a question of law, which we review de novo, adopting the rule of law that is most persuasive in light of precedent, reason, and policy."[5]

## IV. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion In Ordering Child Support Even Though The Parents Share Equal Physical Custody.

O'Neal argues that since she and Campbell have equal physical custody, neither of them should be required to pay child support. Child support is based on both the parties' relative percentages of physical custody and their relative adjusted incomes.[6] In this case, the superior court accounted for the parents' equal physical custody but found that child support was nonetheless justified because of the disparity in their incomes. The record shows that O'Neal's adjusted income is more than double

---

[2]  *Koeller v. Reft*, 71 P.3d 800, 804 (Alaska 2003) (citing *Beaudoin v. Beaudoin*, 24 P.3d 523, 526 (Alaska 2001)).

[3]  *Id.* (quoting *Beaudoin*, 24 P.3d at 526) (internal quotation marks omitted).

[4]  *Id.* (citing *Routh v. Andreassen*, 19 P.3d 593, 595 (Alaska 2001)).

[5]  *Faulkner v. Goldfuss*, 46 P.3d 993, 996 (Alaska 2002).

[6]  Alaska R. Civ. P. 90.3(a), (b)(1).

Campbell's.[7] Given these facts, which are not challenged on appeal, there was no abuse of discretion in requiring O'Neal to pay child support.

**B.     O'Neal Is Entitled To A Deduction For The Direct Support Of Her Two Children From A Prior Relationship.**

Alaska Civil Rule 90.3 allows deductions for "child support for children from prior relationships living with the parent."[8]  The commentary[9] to Rule 90.3 provides:

> A deduction . . . is allowed for the support of the children of prior relationships even if the party is the custodial parent of the "prior" children and does not make child support payments to the other parent of the children.  In this situation, support provided directly to the children is calculated by Rule 90.3 as if the children from the prior relationship were the only children.[10]

---

[7]      There are several variations to the parties' calculations of adjusted income, but O'Neal's submissions show her adjusted income to be more than two times Campbell's even at the closest margin.

[8]      Alaska R. Civ. P. 90.3(a)(1)(D); *see also id.* at (b)(1)(A) (providing that child support in a shared physical custody case should be based on calculations required by Alaska Civil Rule 90.3(a)(1)).

[9]      "Although we have not adopted or approved the commentary [to Civil Rule 90.3], we often rely upon it for guidance in child support matters." *Faulkner*, 46 P.3d at 998 (quoting *State, Child Support Enforcement Div. v. Bromley*, 987 P.2d 183, 194 (Alaska 1999)) (internal quotation marks omitted).

[10]      Alaska R. Civ. P. 90.3 cmt. III.D.

This reflects a change to the original Civil Rule 90.3.[11] We recently addressed the change in *Gorton v. Mann*, in which we observed that "subsection (D) allows a parent to deduct the amount necessary to raise and care for [prior children] who are living full time with the parent, even though no child support payment has been made."[12]

O'Neal's request thus concerns an allowed deduction under the revised rule, not a deviation. It was error for the superior court to deny the request on grounds that O'Neal had failed to provide sufficient reason to deviate from the rule. O'Neal is entitled to a deduction for her direct support of children from a prior relationship, though the actual amount of the deduction may differ from the figure she proposed. On remand, the superior court should make the findings necessary to determine the amount of the required deduction and adjust the child support order accordingly.

## V.    CONCLUSION

We VACATE the child support order and REMAND the case to the superior court for further proceedings consistent with this opinion.

---

[11]    *See* Alaska Supreme Court Order No. 1192 (July 15, 1995), *available at* http://courts.alaska.gov/sco.htm#1175. Earlier versions of Rule 90.3 allowed no "explicit deduction" for direct support, although parents could receive credit for direct support through a section (c) deviation from the rule, available only "when necessary to avoid substantial hardship to the prior children." *Renfro v. Renfro*, 848 P.2d 830, 832-33 (Alaska 1993) (quoting earlier versions of Alaska R. Civ. P. 90.3(c) and Alaska R. Civ. P. 90.3 cmt. VI.B.3).

[12]    281 P.3d 81, 83 (Alaska 2012).